O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA PAGE, ) | Case No. CV 03-9307 AN |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits. For the reasons discussed below, Plaintiff's request for an order remanding this case for the immediate payment of benefits is granted, and the Commissioner's request for an order affirming her final decision is denied.

///

## II. DISCUSSION

Both parties are familiar with the background facts and medical evidence. Accordingly, only the evidence that is helpful to discussing and explaining the Court's decision is discussed. Pages in the administrative record are cited in brackets.

A review of the issues and the parties' related contentions establish that Plaintiff is challenging the Administrative Law Judge's ("ALJ") denial of her SSI claim on two grounds: (1) the record as a whole establishes that she has a more restrictive residual functional capacity ("RFC") than the ALJ found; and (2) the ALJ's hypothetical to the vocational expert ("VE") was flawed because it was not based upon her true RFC.

This Court must review the record as a whole and consider adverse as well as supporting evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Commissioner's final decision affirming an ALJ's decision that a claimant is not disabled must be upheld if the ALJ's findings are supported by substantial evidence in the record and the proper legal standards were applied. *See Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990). The harmless-error rule applies. *Id.* at 1131. "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). It is further defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also*, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971). The ALJ is responsible for determining credibility, resolving conflicting testimony, resolving ambiguities, and "is entitled to draw inferences 'logically flowing from the evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir. 1996). Consequently, inferences and conclusions as the ALJ may reasonably draw from the evidence are upheld. *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than one rational interpretation. *Andrews*, 53 F.3d at 1039-1040.

The ALJ found Plaintiff suffered from severe combined impairments consisting

of diabetes mellitus, status post multiple surgeries for extensive soft tissue infection of the thoracic and lumbar spine and necrotizing fascitis ("NF"), post-operative abscesses of her left wrist, forearm, and trochanteric region. [24.][1] The ALJ found Plaintiff was unable to perform her past relevant work as a cocktail waitress but concluded that she had a RFC for a sedentary level of work limited by non-exertional restrictions of avoiding any overhead reaching with the left upper extremity, occasional gripping, fingering, handling and feeling with the left upper extremity, and mentally limited from any public contact. [*Id*.] Based upon a hypothetical posed to the VE that incorporated the foregoing qualified work-level and non-exertional limitations, the ALJ found Plaintiff could work as a surveillance monitor. [25.]

At the request of the state agency, Plaintiff was examined by a medical doctor named J. Tamiry, M.D. who issued a report dated July 20, 2000. Dr. Tamiry reported that Plaintiff complained that her "back pain was constant;" "radiates to the left lower extremity;" "is worsened by any exertion, bending or sitting[;]" and that "she cannot sleep on her back at night due to the pain." [221, 223.] Plaintiff told Dr. Tamiry that she was hospitalized and had multiple surgeries and skin grafts relating to the NF. Dr. Tamiry's examination of Plaintiff's back area confirmed that she suffered from "extensive disfiguring scar[r]ing throughout the entire back, measuring 28 x 42 cm [11 inches x 16.5 inches][,]" that a large part of this back area evidenced "tenderness," that she had a limited range of motion of the lumbar spine, and that her left scapula (shoulder blade) had been removed. [221.] On August 5, 2002, Plaintiff was also examined by Dr. Cunningham, a board-certified orthopedic surgeon. Dr. Cunningham found, among other things, that Plaintiff suffered from "extensive soft tissue infection of the entire back" just as the ALJ reported in his decision, but he does not discuss what, if any, affect this would have on Plaintiff's ability to sit back in a chair. Without giving a specific assessment of this NF-related back impairment, Dr. Cunningham concluded that Plaintiff

---

[1] Citations to pages of the Administrative Record are in brackets.

1  had a RFC for the limited range of sedentary work found by the ALJ. [19.] Plaintiff's
2  complaints of NF-related back pain is well documented in other medical reports and
3  records. Further, during the hearing before the ALJ, Plaintiff expressly testified that her
4  back pain makes it very uncomfortable for her to sit, and that she cannot sit very long.
5  [38, 45.]

6  Despite the foregoing evidence regarding Plaintiff's NF-related back pain, the ALJ
7  found Plaintiff's subjective complaints were not credible. [21.]

8  Where, as here, a claimant establishes the existence of a medically determinable
9  impairment that may reasonably account for the alleged symptoms but not necessarily to
10 the alleged degree, the ALJ must provide clear and convincing reasons, in the absence of
11 affirmative evidence of malingering, to reject subjective complaints. *Bunnell v. Sullivan*,
12 947 F.2d 341, 346-47 (9th Cir. 1988); *Lester v. Chater*, 81 F.3d. 821, 834 (9th Cir. 1996).
13 After reviewing the whole record, the Court finds the ALJ gave proper reasons for
14 finding that Plaintiff's complaints about the severity of her non-NF related impairments
15 were not credible. However, the ALJ did not give clear and convincing reasons for
16 discrediting Plaintiff's subjective complaints about the severity of her back pain
17 stemming from NF-related back impairments and the affect these impairments had on her
18 ability to sit. Dr. Cunningham found Plaintiff suffered from "an extensive soft tissue
19 infection of the entire back" but he did not make any express assessment about the affect
20 this NF-related impairment had on Plaintiff's ability to sit for any period of time even
21 though three weeks earlier Dr. Tamiry's report shows that most of this infected back
22 region was still tender or sensitive. In short, Dr. Cunningham's report and RFC
23 assessment do not contradict Plaintiff's testimony about her inability to sit due to her NF-
24 related back impairments and pain. Consequently, to the extent the ALJ appears to have
25 principally relied on Dr. Cunningham's RFC assessment to discredit Plaintiff's
26 aforementioned testimony about her inability to sit, the ALJ did not give a clear and
27 convincing reasons for discrediting this particular testimony.

28 In this regard, the ALJ should have credited this pain testimony. Further, when the

ALJ did credit this testimony and incorporated it into his second hypothetical question to the VE, the VE opined that Plaintiff would not be able to perform the surveillance monitor job, or any other sedentary job. [53-54.]

### III. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's determination of non-disability is not free of legal error and is not supported by substantial evidence. Accordingly, Plaintiff's request for an order directing the immediate payment of SSI benefits is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

IT IS SO ORDERED.

DATED: September 26, 2005            /s/ Arthur Nakazato
                                                   ARTHUR NAKAZATO
                                           UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA PAGE,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 03-9307 AN<br><br>JUDGMENT |

For the reasons set forth in the accompanying memorandum and order, it is hereby ADJUDGED AND DECREED THAT, (1) Plaintiff's request for an order remanding this case for the immediate payment of benefits is GRANTED; (2) the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED; and (3) judgment is hereby entered in Plaintiff's favor.

DATED:  September 26, 2005    /s/ Arthur Nakazato
                                                     ARTHUR NAKAZATO
                                   UNITED STATES MAGISTRATE JUDGE